**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CASE NO.** |
| **Plaintiff,** | **JUDGE** |
| **v.** | **INDICTMENT** |
| **ALI DURRANI,** | 8 U.S.C. § 1324(a)(1)(A)(v)(I) |
| | 8 U.S.C. § 1324(a)(1)(A)(iii) |
| **Defendant.** | 8 U.S.C. § 1324(a)(1)(B)(i) |
| | **FORFEITURE** |

**THE GRAND JURY CHARGES:**

## COUNT 1

### (Conspiracy to Harbor Illegal Aliens)

1. At times from at least in or around April 2018 through in or around September 2019, **ALI DURRANI** was employed in various managerial roles for Popeyes Louisiana Kitchen restaurants ("Popeyes") in the Southern District of Ohio and elsewhere that were owned by Owner 1, Owner 2, and others, including Popeyes restaurants in Columbus, Marion, and Zanesville.

2. From in or around April 2018 through in or around September 2019, in the Southern District of Ohio, and elsewhere, the defendant, **ALI DURRANI**, and others known and unknown to the Grand Jury, conspired to commit the following acts: **DURRANI** and others, knowing and in reckless disregard of the fact that an alien had come to, entered, and remained in the United States in violation of law, attempted to and did conceal, harbor, and shield from detection such alien in buildings and other places, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii).

1

## **Manner and Means**

3.     It was part of the conspiracy that **DURRANI** and others directed, caused, or themselves engaged in the following:

        a.     Employing illegal aliens to work at Popeyes restaurants owned by Owner 1, Owner 2, and others, without requiring documentation of the workers' legal work status, and knowing and recklessly disregarding the fact that the employees were illegal aliens;

        b.     Working illegal-alien employees long hours and paying them below minimum wage;

        c.     Paying illegal-alien employees cash wages without withholding taxes or reporting the wages to the Internal Revenue Service (IRS), while paying work-authorized employees by check with taxes withheld and reporting their wages to the IRS;

        d.     Reporting to Owner 1, Owner 2, and others cash wages for illegal-alien employees in restaurant bookkeeping software as expenses rather than through standard payroll;

        e.     Failing to report illegal-alien employees to the Ohio Department of Jobs and Family Services;

        f.     Renting apartments near Popeyes restaurants for the use of illegal-alien employees;

        g.     Deducting money from illegal-alien employees' wages to pay the rent at such apartments;

        h.     Transporting illegal-alien employees between Popeyes restaurants owned

2

and operated by Owner 1, Owner 2, and others; and

i.     Attempting to hide the identities of illegal-alien employees from Homeland Security investigators.

### Overt Acts

4.     In furtherance of the conspiracy and to achieve the objects of the conspiracy, the following overt acts, among others, were committed in the Southern District of Ohio and elsewhere:

a.     On or around October 18, 2018, **DURRANI** applied for a one-year lease for an apartment at 3817 Tiger Lilly Drive in Columbus, which was located near the Columbus Popeyes restaurant and which **DURRANI** provided for the use of illegal-alien employees including Person 1, whose identity is known to the Grand Jury.

b.     On or around February 5, 2019, **DURRANI** advised an employee at a Popeyes restaurant he was managing, Employee 1, whose identity is known to the Grand Jury, not to provide the identities of restaurant employees to Homeland Security agents investigating the restaurant's employment of illegal aliens.

c.     On or around March 20, 2019, **DURRANI** paid the rent for 3817 Tiger Lilly Drive.

d.     In or around June 2019, **DURRANI** re-hired Person 1 to work at the Columbus restaurant, without checking Person 1's work-authorization documents.

**In violation of 8 U.S.C § 1324(a)(1)(A)(v)(I).**

### COUNT 2
### (Harboring an Illegal Alien)

5.     On or about the 20th day of March, 2019, in the Southern District of Ohio, the

defendant, **ALI DURRANI**, knowing and in reckless disregard of the fact that an alien, namely, Person 1, whose identity is known to the Grand Jury, had come to, entered, and remained in the United States in violation of law, attempted to and did conceal, harbor, and shield from detection such alien in buildings and other places for the purpose of commercial advantage and private financial gain.

**In violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i).**

## FORFEITURE ALLEGATION

6.       The allegations contained in this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture to the United States.

7.       Pursuant to Title 8, United States Code, Section 1324(b)(1), along with Title 28, United States Code, Section 2416(c), upon conviction of an offense in violation of Title 8, United States Code, Section 1324 alleged in this Indictment, the defendant, **ALI DURRANI**, shall forfeit to the United States of America any conveyance, including any vessel, vehicle, or aircraft, used in the commission of such offense, the gross proceeds from such offense, and any property traceable to such conveyance or proceeds.

### Substitute Assets

8.       If any of the property described above in the Forfeiture Allegation, as a result of any act or omission of the defendant:

        a.       cannot be located upon the exercise of due diligence;

        b.       has been transferred or sold to, or deposited with, a third party;

        c.       has been placed beyond the jurisdiction of the court;

        d.       has been substantially diminished in value; or

4

    e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant, up to the value of the forfeitable property described above.

**Forfeiture in accordance with 8 U.S.C. § 1324(b)(1), 28 U.S.C. § 2416(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.**

A TRUE BILL.

s/ Foreperson
FOREPERSON

KENNETH L. PARKER
United States Attorney

DAVID J. TWOMBLY
JESSICA W. KNIGHT
Assistant United States Attorneys